Troy M. Mueller (State Bar No. 284535)
tmueller@tmmla.com
THE MUELLER FIRM, P.C.
2355 Westwood Boulevard # 636
Los Angeles, California 90064
Telephone: (213) 282-6518

Attorney for Plaintiff
STAR FABRICS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| STAR FABRICS, INC., a California corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>ANITA CORPORATION, a California Corporation; DILLARD'S, INC., a Delaware corporation; and DOES 1 through 10,<br><br>    Defendants. | Case No. 2:21-cv-01350<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT**<br>**2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

Plaintiff STAR FABRICS, INC. ("Plaintiff" or "STAR"), by and though its undersigned attorney, hereby prays to this honorable Court for relief and remedy based on the following:

//

//

1

# INTRODUCTION

STAR is the exclusive owner of unique, two-dimensional, graphic artwork. It acquires ownership of this artwork by creating it or purchasing it from other artists and designers. For profit, STAR prints this artwork onto fabric which it then sells to the fashion industry. Because the value of STAR's business is predicated on the value of these works, it spends a considerable amount of time and resources creating and obtaining top quality, marketable, and aesthetically-appealing designs.

In order to sell its fabric, STAR provides potential customers with samples. Customers taking these samples agree not to modify, reproduce, or seek another's reproduction of the artwork appearing on the sample. If such modification or reproduction occurs, the value of Plaintiff's prints and coordinate value of Plaintiff's business depreciates.

This action is brought because reproduction and/or modification of one of STAR's prints has nevertheless occurred. To remedy this harm, STAR seeks to recover damages for direct, vicarious, and contributory copyright infringement arising out of the misappropriation of its intellectual property rights in its design, by Defendants, and each of them.

## JURISDICTION AND VENUE

1.    This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

2.    This Court has federal question jurisdiction under 28 U.S.C. § § 1331(m), 1338 (a-b).

//

//

3.     Venue in the Central District is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this district.

## PARTIES

4.     Plaintiff STAR FABRICS, INC. is a corporation organized and existing under the law of the State of California with its principal place of business located at 1440 East Walnut, Los Angeles, California 90011.

5.     Plaintiff is informed and believes and thereon alleges that Defendant ANITA CORPORATION ("ANITA") is a California corporation with its principal place of business located at 1120 S. LOS ANGELES STREET, Los Angeles, CA 90015, and is doing business in and with the State of California.

6.     Plaintiff is informed and believes and thereon alleges that DILLARD'S, INC. ("DILLARD'S") is a Delaware corporation with its principal place of business located in Arkansas and is doing business in and with the State of California.

7.     Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 though 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted design(s) (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement.  The true names, whether corporate, individual, or otherwise, of Defendants DOES 1-3, inclusive, are presently unknown to Plaintiff. STAR therefore sues said Defendants by such

3

fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

8.    Defendant DOES 4 though 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein.  The true names, whether corporate, individual, or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff. STAR therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

9.    Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agents, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts of conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO DESIGN TITLES "59946"**

10.    Prior to the conduct complained of herein, Plaintiff purchased original source artwork from Milk Print, LLC and created a design suitable for printing on textiles.  Plaintiff allocated to this artwork the Internal

Design Code "No. 59946" ("Subject Design") (attached hereto as EXHIBIT 1").

11.     Plaintiff applied for copyright registration from the United States Copyright Office and was granted Registration No. VA 1-409-821 on May 15, 2007 (attached hereto as "EXHIBIT 2").

12.     Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

13.     Plaintiff formatted the Subject Design for use on textiles, sampled the Subject Design to prospective customers, and negotiated sales of fabric bearing the Subject Design.

14.     Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that Defendants, and each of them, created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to the Subject Design ("Subject Garment").

*Infringing Garment*

15.     Plaintiff's investigation revealed that some of the Subject Garments were purchased, distributed, and sold for profit by ANITA and DOE defendants to DILLARD'S and DOE defendants ("Infringing Garments"). An example of Infringing Garments is attached hereto as Exhibit 3.

16.     Plaintiff's investigation into the unlawful use of its proprietary designs revealed that DILLARD'S and DOE defendants purchased distributed and sold for profit Infringing Garments.

17.     Plaintiff is informed and believes, and thereon alleges, that DOE defendants made slight alterations to the Subject Design and had its modified design printed elsewhere, with knowledge that the Subject Design was Plaintiff's proprietary design.

18.     As but one example, substantially similar design elements in the subject Design are found in Infringing Garments, as demonstrated in the following side-by-side comparison:



**FIRST CLAIM FOR RELIEF**

*(For Copyright Infringement – Against All Defendants, and Each)*

19.     Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth in the allegations contained in the preceding paragraphs of this Complaint.

20.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Design through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or unauthorized reproductions in the possession of other direct and third-party vendors, retail stores, and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs, swatches, paper CADs and samples; and (d) access to garments in the marketplace manufactured from fabric lawfully printed through Plaintiff.

21.    Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Design.

22.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, making, advertising, and/or developing directly infringing and/or derivative works from the Subject Design and by importing, producing, distributing, and/or selling Infringing Garments through a nationwide network of retail stores and through on-line websites.

23.    Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

24.    Due to Defendants' act of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

25.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design.    As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

## SECOND CLAIM FOR RELIEF

*(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants)*

26.    Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

27.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and resultantly profited from the illegal reproduction, importation, purchase, distribution, advertising and/or sales of product featuring the Subject Design as alleged hereinabove.

28.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleges herein because they had the right and ability to supervise the infringing conduct and because they had a direct and financial interest in the infringing conduct.

STAR FABRICS, INC.'S COMPLAINT

29.    By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

30.    Due to Defendants' acts of contributory and/or vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

1.    With Respect to Each Claim for Relief

   a.    That Defendants, their agents and servants be enjoined from importing, manufacturing, distributing, advertising, offering for sale, selling, or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design in any manner;

   b.    That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or if elected, before final judgment, statutory

STAR FABRICS, INC.'S COMPLAINT

damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c.    That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d.    That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

e.    That Plaintiff be awarded pre-judgment interest as allowed by law;

f.    That Plaintiff be awarded the costs of this action; and

g.    That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated:  February 15, 2021        TROY M. MUELLER
                                 THE MUELLER FIRM, P.C.


                                 By:  /s/ Troy M. Mueller
                                      Troy M. Mueller

                                 Attorney for Plaintiff
                                 STAR FABRICS, INC.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the Constitution.

Dated:  February 15, 2021     TROY M. MUELLER
                       THE MUELLER FIRM, P.C.

                       By:  /s/ Troy M. Mueller
                           Troy M. Mueller

                       Attorney for Plaintiff
                       STAR FABRICS, INC.

STAR FABRICS, INC.'S COMPLAINT